IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:22-CV-66-MOC-WCM

CANDACE KETTER McKEY a/k/a
Candace Ketter Grier McKey,
    Plaintiff,

v.

SUSAN MARIE BLAIR a/k/a Sue Blair
and ADVANCED EQUINE COMFORT, LLC,
    Defendants.

This matter is before the Court on the parties' Joint Motion for Consent Protective Order (Doc. 12). The motion is granted and the parties' proposed Order is accepted.

\*\*\*

CONSENT PROTECTIVE ORDER

It is hereby ORDERED by the Court that the following restrictions and procedures shall apply to certain information, documents and excerpts from documents supplied by the parties to each other in response to discovery requests:

1.    Counsel for any party may designate any document or information contained in a document as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client. Information and documents designated by a party as confidential will be labeled "CONFIDENTIAL." "CONFIDENTIAL" information or documents may be referred to collectively as "Confidential Information."

    a.    "Confidential Information" means and includes the following:

1

    i.  information that constitutes confidential, proprietary, or financial business information, trade secrets, strategic business records, or information subject to a legally protected right of privacy or a confidentiality agreement with a third party;

    ii.  information regarding or other documents containing private employment-related information, health-related information, spouse and other dependent information, and all personally identifiable information, to include names, dates of birth, addresses, personal images, telephone numbers, email addresses, emergency contact information, social security numbers, driver's license numbers, criminal records, background checks or other reference check information, and/or documents related to employee domestic or financial obligations, such as child support orders and garnishments and bank account information;

    iii.  medical records and reports; psychological records and reports; photographs, x-rays or illustrations, or other personal health-related information regarding Plaintiff or any other individual about whom such information is discovered; and

    iv.  federal or state income tax returns or other financial information of any party.

  2.  Unless otherwise ordered by the Court, or otherwise provided for herein, the Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the above-captioned action or any appeal taken from a judgment entered in the case and not for any other purposes. Confidential Information shall not be disclosed in conversations, presentations by persons or receiving parties, in court, or in other settings that might reveal the Confidential Information, except in accordance with the terms of this Order.

  3.  In the event a party challenges another party's confidential designation, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, either party

may thereafter seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that confidential information disclosed in this case is relevant or admissible. Each party specifically reserves the right to object to the use or admissibility of all Confidential Information disclosed, in accordance with applicable law.

4. Information or documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

    a. The requesting party and counsel;

    b. Employees or contractors of such counsel assigned to and necessary to assist in the litigation;

    c. Consultants or experts to the extent deemed necessary by counsel;

    d. Any person from whom testimony is taken or is to be taken, except that such a person may only be shown confidential information during and in preparation for his/her testimony and may not retain the Confidential Information;

    e. The Court or the jury at trial or as exhibits to motions; and

    f. Any mediator retained by all affected parties, including such mediator's staff, provided the disclosure is made in the course of mediation.

5. Prior to disclosing or displaying the confidential information to any person (other than the Court and the jury), counsel shall:

    a. Inform the person of the confidential nature of the information or documents;

    b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has

enjoined the disclosure of that information or documents to any other person; and

c.  Obtain from the person to whom the disclosure is to be made a signed confidentiality agreement in the form attached hereto as Exhibit A.

6.  If any party inadvertently fails to designate any material as Confidential Information before its production, it may correct its error at any time utilizing the following procedures. Upon learning that confidential information was produced without the appropriate designation, the producing party will immediately provide notice of the omission to the receiving party and, at the producing party's option, either provide substituted copies of the Confidential Information appropriately marked or instruct the receiving party to mark the undesignated material with the appropriate legend. Upon receiving notice of an omitted designation, it will be the duty of the receiving party to make all reasonable efforts to return all identified unmarked materials in its possession or in the possession of persons within that party's control (e.g., retained consultants) to the designating party or to otherwise destroy the unmarked materials within ten (10) business days of any written notice of an omitted designation, or to make all reasonable efforts to label the Confidential Information appropriately as requested by the designating party. If the receiving party has made any use or disclosure of information, documents, or materials before the producing party designates such material as Confidential Information, then such prior use or prior disclosure shall not be deemed a violation of this Order.

7.  For the purpose of Paragraphs 4(d) and (e) it is understood by the parties that any documents which become part of an official judicial proceeding, or which are filed with the Court are public documents, and that such documents can and will be sealed by the Court only upon motion and in accordance with applicable law.

4

8. Any party seeking to file any materials designated as Confidential Information or to file any pleadings, motions or other papers disclosing any confidential information shall first move the Court for a Motion to Seal or Otherwise Restrict Public access in accordance with the Court's local rules.

9. Ultimate disposition of protected materials is subject to final order of the Court upon completion of this litigation. However, in the absence of a final order of the Court addressing the disposition of Confidential Information, the parties agree that counsel for each party shall, not later than forty-five (45) days after the termination of this litigation (including related appeals), collect from any experts, consultants or third party witnesses to whom any documents containing Confidential Information were disclosed pursuant to the terms of this Order, any and all documents containing Confidential Information, including without limitation, any copies or excerpts of such documents. Counsel of record for each party shall be permitted to retain in their files a copy of all documents containing information subject to this Order obtained during the course of this litigation, pursuant to the North Carolina Rules of Professional Conduct; provided, however, the prohibitions against the use or disclosure of Confidential Information as set forth above shall continue to apply to said counsel.

10. Nothing in this Order shall limit, expand, restrict, or prejudice (a) the right of any party to apply to the Court for any further Protective Order relating to Confidential Information; (b) the right of any party to object to the production of documents; or (c) the right of any party to apply to the Court for an order compelling production of documents or information; or (d) the right of any party to apply to the Court for modification of this Order; or (e) any party's use or disclosure of documents or information properly obtained by means other than another party's production

pursuant to this Order; or (f) the producing party's use or disclosure of information, documents, or materials that it designated as Confidential Information pursuant to the terms of this Order.

12. The Court shall strictly enforce this Order, and any violation is punishable by the Court's contempt power, including the imposition of monetary sanctions.

Signed: August 12, 2022

W. Carleton Metcalf
United States Magistrate Judge

# EXHIBIT A

# CONFIDENTIALITY AGREEMENT

I have read and am familiar with the terms of the Protective Order governing the disclosure of Confidential Information in the case of <u>Candace Ketter McKey v. Susan Marie Blair and Advanced Equine Comfort, LLC</u> (the "Order"), and I agree to abide by all the terms of said Order and not to reveal or otherwise communicate any of the information disclosed to me pursuant thereto to anyone except in accordance with the terms of said Order. I agree not to make use of any information or material obtained pursuant to that Order other than for purposes of this litigation.

I also agree to return to counsel of record, not later than thirty (30) days after the termination of this litigation, any and all documents in my possession Containing Information which is the subject of said Order (whether such information is in the form of notes, memoranda, reports or other written communications or documents prepared by any person at any time containing information covered by the terms of said Order).

In accordance with 28 U.S.C § 1746, I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Name: _____

Signature: _____

Date: _____